## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

PATRICK RUSSELL FULLER,    )
       )
      Plaintiff,    )
v.    )    No. 4:09-cv-035-SEB-WGH
       )
NATILIE WOODWARD,    )
       )
      Defendant.    )

### Entry Discussion Motion for Summary Judgment

For the reasons explained in this Entry, the defendant's motion for summary judgment must be **granted**.

### Discussion

The undisputed evidentiary record in this civil rights action shows that there is no genuine dispute as to any material issue of fact and that the defendant is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

1.    Patrick Fuller is confined at the Wabash Valley Correctional Facility ("Wabash Valley"). He alleges in this action brought pursuant to 42 U.S.C. § 1983 that his constitutional rights were violated when he, as a pretrial detainee, was housed with convicted offenders. The defendant seeks resolution of the action through the entry of summary judgment.[1]

---

[1]    The motion for summary judgment, as with any such motion, must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its

2.      Fuller's claims are asserted pursuant to 42 U.S.C. § 1983. Before the merits of his claims can be addressed, the court is required to address the defendant's affirmative defense that Fuller failed to exhaust his available administrative remedies prior to filing this action. *Pavey v. Conley,* 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

3.      The law applicable to the affirmative defense is this: The Prison Litigation Reform Act requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

4.      Here, Fuller is an inmate at Wabash Valley.  Wabash Valley has an inmate grievance procedure. Pursuant to this procedure, an inmate with a complaint about the conditions of his confinement, including the claim Fuller brings here, was to first attempt to resolve his grievance informally. If he is unsatisfied with the result of the attempt at informal resolution, the inmate must then submit a grievance to the Grievance Specialist.  If he disagreed with the determination of the grievance administrator, he was to file an appeal with the Grievance Manager. Fuller did not take these steps. Fuller never filed a grievance regarding the claims he brings in this lawsuit.

5.      The consequence of Fuller's failure to file a grievance and exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). The motion for summary judgment is **granted,** and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date: ___12/31/2009___

response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2). By not responding to the motion for summary judgment, Fuller has conceded the defendant's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).